## PRAY v. COPES et al.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924. Rehearing Denied November 3, 1924.)

### No. 4285.

1. Patents ⊂═315—Granting of rehearing within time allowed rests entirely within discretion of trial court.

Granting of rehearing in infringement suit within time allowed by law rests entirely within discretion of trial court.

2. Patents ⊂═170—Where elements old, invention must be limited to specific combination.

Where elements are old in art, invention must be limited to specific combination covered by claims.

3. Patents ⊂═328—1,343,642, for fire escape, held not infringed.

Pray patent, No. 1,343,642, with four claims, for fire escape, *held* not infringed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Suit in equity by Charles H. Pray against W. B. Copes and J. E. Hill, doing business under the fictitious firm name of the Triangle Iron Works, and others. Decree for defendants, and plaintiff appeals. Affirmed.

Blakeslee & Brown, of Los Angeles, Cal., for appellant.

Douglas L. Edmonds and George E. Harpham, both of Los Angeles, Cal., for appellees.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1] This was a suit for infringement of letters patent and for an accounting. On the original hearing the court below granted an interlocutory injunction and ordered the accounting as prayed. The decision was based largely on admissions contained in answers to interrogatories propounded by the plaintiff. Later, on petition for rehearing, the court vacated the interlocutory decree and permitted the defendants to file an amended answer, setting up noninfringement as a defense, and relieving them from the prejudicial admissions contained in the answers to the interrogatories on file. This ruling was based upon the ground that the admissions in question were made through inadvertence and mistake. The complaint was thereafter dismissed and the plaintiff has appealed. While the assignments of error are numerous, the principal contentions are that the court below erred in granting the rehearing and in dismissing the complaint on the ground of noninfringement. The granting of a rehearing within the time allowed by law rests entirely within the discretion of the trial court, and no abuse of discretion is here shown.

The patented device is a fire escape covered by letters patent No. 1,343,642, dated June 15, 1920. The claims are four in number, the first claim reading as follows:

"A fire escape comprising two relatively spaced stationary platforms and an intermediate stationary vertical ladder, a slidable ground ladder, means for retaining said ground ladder in close sliding engagement with the stationary ladder, counterbalance means connected to the ground ladder, and manually operated means normally supporting the ground ladder in elevated position."

The remaining three claims are slightly different, but in each of them we find the two stationary platforms, the vertical ladder leading from the upper to the lower platform, and the slidable ground ladder, with means for operating it and retaining it in place.

[2] There is nothing new or novel about the use of ladders, and the invention in question must be limited to the specific combination of elements covered by the claims. As

said by this court in Wilson & Willard Mfg. Co. v. Union Tool Co., 249 F. 729, 161 C. C. A. 639:

"It is clear that all of the elements of the Double combination patent, No. 734,833, were old in the art. This being true, the claims of invention in the patent should be limited to the specific combinations of elements as covered in the claims of the patent. Combination of elements which are old in the art undoubtedly may be invention, but the combination must be considered as an entirety or unitary structure. If defendant omits one or more of the material elements which make up the combination, he no longer uses the combination; and it is no answer to say that the omitted elements are not essential, and that the combination operates as well without as with them. * * * It must also be established by one who alleges infringement of a combination that the entire combination, as a unitary structure and having substantially the same mode of operation, is present in the alleged infringing machine."

[3] Counsel for appellant concedes that such is the established rule, but maintains that all these elements are found in the fire escape manufactured by the appellees. This latter contention cannot be sustained. True, in the fire escape manufactured by the appellees, there are two uprights in connection with the slidable ladder to hold it in place, but these uprights are not a ladder in any sense of the term. They could not be used in descending from the upper platform to the lower, or the reverse, and were employed for no such purpose.

The decree of the court below is therefore affirmed.