184

District Court, S. D. California, Central Division.

Dec. 29, 1931.

Arthur F. Larrabee and Norbert Savay, both of Los Angeles, Cal., for plaintiff.

Charles S. Jones, of New York City, and Edward J. Rodden, of Los Angeles, Cal., for defendant Peabody Mfg. Co.

Paul Overton, of Los Angeles, Cal., for defendant Los Angeles Gas & Electric Corporation.

McCORMICK, District Judge.

This is a suit in equity for the alleged infringement of letters patent No. 1,440,614, for a combination gas burner, issued to Lee B. Mettler on January 2, 1923. The customary injunction is sought as well as damages. The sole patent claim in issue is claim 3, which reads as follows: "In a combustion unit, an open ended air tube, a gas chamber surrounding the walls of the tube, and a block of refractory material abutting against one end of the tube and having an aperture opposite the open end of the tube, the wall of

the tube being formed with a series of gas discharge orifices adjacent the block and opening to the aperture in the latter at an inclination to the center line thereof."

The defenses urged are absolute anticipation, lack of patentable invention, and patentable novelty in view of the prior art and noninfringement. There is a further defense of laches that, in view of the conclusion reached, it is deemed unnecessary to consider.

The field of endeavor to which Mettler directed his faculties is clearly shown by the record to have been a crowded industry. Attempts to develop and improve the efficiency of combustion units where illuminating gas and air are employed cover an extensive area, both as to time and accomplishments. The operation of the well-known Bunsen burner, reputed to have been invented in 1856, and its principles as found for many years in varieties of gas heating and cooking stoves on the market, are evidence of the filled field of the art of the patent in suit, and, when cited similar prior patents and earlier proven structures for furnaces and burners are considered, it is clear that Mettler cannot be classified as a pioneer inventor in the gas burner industry, nor can his patent be given the broad scope that a generic concept is entitled to. Nevertheless his patent should not be declared wholly invalid. It was shown that Mettler burners have gone into general commercial use, and that they have satisfactorily displaced earlier burner devices. This, with the presumption that always attends a patent grant, is sufficient evidence of invention to overcome the defense of absolute anticipation through any established prior public use in New York or California, or by any of the cited prior patented art.

However, while it is true that the patent grant establishes a case of validity over prior patents and earlier similar gas burner or furnace structures, the fact that the patent was issued upon an application as filed without amendment or change and without the citation of any prior art should be taken into consideration in the determination of the scope that is to be given to claim 3 as well as to the field of monopoly that Mettler is entitled to enjoy under it. In other words, although all of the elements of a patentable combination under claim 3 are not found in a single structure in the prior art so as fully to anticipate, in determining the scope of the patent and its place in the art as affecting the question of infringement, prior patents, showing separate elements of the combination, may properly be considered. See Ven-

tilated Cushion & Spring Co. v. D'Arcy (C. C. A. 6) 232 F. 468, 472. When the principle just stated is applied to the prior art as shown by this record, it is obvious that Mettler is not entitled to monopolize the field of gas burners or furnaces except to the extent shown by the precise construction expressly disclosed in his patent. See Boyd v. Janesville Hay-Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973.

As early as the summer of 1921, which was several months prior to Mettler's application for patent, a combustion unit or combination burner and furnace was successfully, publicly, and commercially used at the plant of the defendant gas company at Los Angeles. This structure, as described by the witnesses, Robert and Judson, and as partially illustrated by Defendants' Exhibits I and J, incorporated and utilized in combination substantially all of the elements found in claim 3 of the Mettler patent.

The mode of operation was the same as in Mettler, and substantially the same result was obtained. The only apparent difference lies in the form or design of the refractory material, and in the absence of inclined orifices used for the discharge of gas into the fire brick tube or block, Mettler shows a series or multiple of refractory perforations or openings cast en bloc, while the gas company structure had the fire clay tube arranged separately and unitary. It appears to me that Mettler's contribution consists in designing the refractory block with the series of tubes, nothing more. The abutment feature is not invention.

Moreover, there is one patent in the prior art that substantially shows all of the elements of the claim in suit. I refer to Case No. 950,996, issued March 1, 1910, for a gas burner. This was used with assay furnaces to produce the high temperatures required in metallurgical industry. Figure 4 of Case discloses an open-ended air tube 9; a surrounding gas chamber indicated by "extension 10" of the block 6; inclined gas vents 14, directing gas from the chamber 10 to the mixing tube; a block of fire clay 2; the mixing tube 3, described as an "inwardly flaring aperture" in the block of fire clay. Mettler lays stress upon the novelty of his refractory block and its proximity, location, and abutment to the open-ended air tubes wherein the gas is emitted through inclined jets or vents whereby combustion is improved, but, when we consider the teachings of Case, supra, and of Leps, 858,189, issued June 25, 1907, for a burner for natural gas, as well as the stipu-

lation that refractory materials have been used in combustion chambers or in fire boxes of furnaces for the protection of metal parts adjacent or in proximity thereto for over thirty years, the arrangement or combination of Mettler cannot be elevated to the dignity of a primary or pioneer concept.

In view of the state of the art disclosed by the patents and structures herein mentioned, as well as by other evidence in the record, the conclusion follows that Mettler is adequately and properly protected in what he contributed to the burner and furnace industry by limiting him and restricting his monopoly in the gas burner industry to the specific devices and structures expressly shown by the drawings and specifications of his patent. As far as the gas burner and furnace features of both Mettler and the Peabody construction are concerned, both use what the art shows to be old. Every substantial feature employed by both appear in the cited references in this suit or were known, familiar, and employed by combustion engineers long prior to the Mettler patent. In view of this conclusion, the language of our Circuit Court of Appeal, in Pray v. Copes, 1 F.(2d) 927, 928, is applicable here. Judge Rudkin, speaking for the court in that case, said: "There is nothing new or novel about the use of ladders, and the invention in question must be limited to the specific combination of elements covered by the claims. As said by this court in Wilson & Willard Mfg. Co. v. Union Tool Co., 249 F. 729, 161 C. C. A. 639: 'It is clear that all of the elements of the Double combination patent * * * were old in the art. This being true, the claims of invention in the patent should be limited to the specific combinations of elements as covered in the claims of the patent. Combination of elements which are old in the art undoubtedly may be invention, but the combination must be considered as an entirety or unitary structure. If defendant omits one or more of the material elements which make up the combination, he no longer uses the combination; and it is no answer to say that the omitted elements are not essential, and that the combination operates as well without as with them. * * * It must also be established by one who alleges infringement of a combination that the entire combination, as a unitary structure and having substantially the same mode of operation, is present in the alleged infringing machine.' "

It is considered unnecessary to describe in detail the differences in construction and combination between burners made by Met-tler under the patent and Peabody combustion gas burners as shown by the record and as illustrated particularly by Plaintiff's Exhibit 4 herein. The points of difference are numerous, but a strikingly dissimilarity of construction and design as well as a departure from the Mettler combination is shown by the wind box and shutterlike air registers of the Peabody construction. This is entirely different from the hinged door of Mettler on Exhibit 2. There is also a difference in the construction, placement, and arrangement of the refractory material. Peabody uses the old and much-used furnace throat or wall of fire clay in combination with a single large burner. If claim 3 of Mettler could be stretched to cover such construction, it would necessarily suggest no invention in the light of the known art.

The conclusion that little novelty or inventive characteristics are shown by Mettler except in the design and arrangement of the series of refractory tubes, appears when the teachings of Case, supra, are considered. On line 46 of page 2 of the Case patent, the following language is found:

"By making the delivery orifice of the part 10 tapered inwardly and by having the part 9 curved as shown, and terminating in a knife edge and connecting with a large air pipe, I find it possible to use a very small air pressure, which is a great desideratum in assay furnaces, and by this arrangement I am enabled to produce a very hot flame with perfect combustion. This is due to the fact that in applicant's burner a large volume of air under low pressure comes into close interior contact with a thin cylindrical film of gas without the mixing and swirling that results from the use of a thick-edged nozzle.

"I am aware, of course, that it is old to provide burners using a mixture of air and gas, and I make no broad claim to such a burner, as my invention resides in the specific arrangement and dimensioning of parts."

The patent to Leo B. Mettler, No. 1,440,-614, issued January 2, 1923, for gas burner is held valid, and, in the light of the prior art which was not cited before the Patent Office at the time of the patent grant, claim 3 thereof should not be broadly interpreted, but should be narrowly limited, and, when so construed, it does not read upon any of the Peabody structures disclosed by the record and none of said Peabody structures infringe the Mettler patent or come within the terms of claim 3 thereof.

It is accordingly ordered that the defendants be dismissed, with costs of suit.